IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. WALKER,

                    Plaintiff,

   v.

CHARLOTTE TEUBERT,[1]

                    Defendant.

ORDER

25-cv-908-jdp

---

Plaintiff Charles Walker, proceeding without counsel, alleges that Dane County Circuit Court clerk Charlotte Teubert retaliated against him when he tried to file documents in that court. I granted Walker leave to proceed on a First Amendment claim that Teubert fabricated the basis for a restraining order against him. Dkt. 4.

Teubert moves to dismiss the case under several theories, including that Walker fails to state a retaliation claim, that she is immune from suit, and that this federal court should abstain from considering Walker's claim while the underlying state-court restraining-order proceedings are active. Dkt. 10. I will deny Teubert's motion to dismiss the case outright. I've already concluded that Walker's allegations were sufficient to state a retaliation claim at the pleading stage. As for Teubert's arguments that she is entitled to quasi-judicial immunity or witness immunity, she does not persuade me that she was acting in a quasi-judicial role by seeking a restraining order, even if she did so because of interactions at her court job. And even if Teubert would be entitled to absolute witness immunity for her testimony in the state-court restraining-order proceedings, I take Walker's claim to include Teubert's alleged misconduct in causing

---

[1] I have amended the caption to reflect defendant's full name as provided in electronic state-court records involving the parties.

those proceedings to be initiated against him, a theory more akin to a malicious-prosecution claim for which witness immunity would not apply. *Cf. e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (absolute immunity does not apply when prosecutor acts as a complaining witness in support of warrant application); *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003) (warrant request violates Fourth Amendment if requesting officer knowingly makes false statements in requesting warrant).

Teubert's argument for abstention has more traction. Walker's retaliation claim is intertwined with his ongoing state-court restraining-order proceedings: the Dane County Circuit Court granted an injunction against Walker. *See Teubert v. Walker,* Dane County Case No. 2025CV3543.[2] That decision is currently on appeal.[3] Principles of comity and federalism often preclude federal courts from hearing cases that interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Most commonly this doctrine is applied to federal lawsuits intertwined with state-law criminal cases, but courts have also applied it to cases like this involving state-court civil injunctions. *See U.S. ex rel. Verdone v. State of Wis.*, 61 F.3d 906, 1995 WL 94914, at *4 (7th Cir. 1995) (unpublished case) ("because a civil protection order is quasi-criminal in nature, [it makes] the policy of *Younger* directly apt." (internal quotation omitted)); *McCann v. Stubbs*, No. 23-cv-252-jdp, 2023 WL 3072841, at *1 (W.D. Wis. Apr. 25, 2023).

The question whether Teubert made false accusations against Walker is better first addressed directly in the state-court proceedings. I will stay this case and direct the clerk of

---

[2] *See* https://wcca.wicourts.gov.

[3] *See* https://wscca.wicourts.gov.

court to close it. That means that Walker may move to reopen this case after the conclusion of

his state-court proceedings, including all appeals.


ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss, Dkt. 10, is GRANTED in part.

2. The court will abstain from exercising jurisdiction, under *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff's state-court proceedings.

3. This case is STAYED. The clerk of court is directed to close the case.

4. Plaintiff must move to lift the stay within 60 days after the conclusion of his state-court proceedings. If plaintiff fails to comply with this order, the case will remain closed, and plaintiff may be barred by the statute of limitations from bringing his federal claim in any future case.

5. Plaintiff's motion for subpoenas, Dkt. 21, is DENIED as moot.

Entered June 9, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge